GEORGE H. BROWN *vs.* HARRIET O'BRIEN and Husband.

June 22, 1888.

**Vendor and Purchaser—Lien—Payment.**—Evidence in this case examined, and *held* to justify the findings of fact and conclusions of law as made in the court below.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial after trial by *Hicks*, J., without a jury.

*Gallagher & Steele*, for appellants.

*Geo. C. Ripley*, *C. E. Brennan*, and *S. A. Booth*, for respondent.

COLLINS, J. In an exchange of property between these parties, defendants were to pay plaintiff the sum of $1,500 in cash, of which sum plaintiff claims that $200 is due and unpaid. This action is brought to recover said balance, and to have the judgment therefor declared a specific lien for part of its purchase price upon certain real estate obtained by defendants in said exchange, and which was conveyed by plaintiff to defendant Harriet O'Brien alone—wife of the other defendant, J. K. O'Brien—at his request. The answer alleges• payment of all due plaintiff upon the trade, and further sets up an independent agreement in writing between plaintiff and the defendant J. K. O'Brien, entered *into* about the same time of the exchange of property, whereby plaintiff agreed to build a cellar under the house situated upon the real estate on which plaintiff claims the lien, for the sum of $200, to be completed by March 1, 1887, and that he has wholly failed so to do. It further sets forth that plaintiff had deposited in the City Bank of Minneapolis the sum of $200 as security for its faithful performance, which sum was to and did become the property of O'Brien as compensation for plaintiff's neglect and refusal to build the cellar, and is the identical $200 to recover which the action is brought. The trial court made findings in plaintiff's favor, directing judgment as demanded in the complaint; and from an order refusing a new trial defendants appeal.

The written agreement mentioned in the answer, introduced in evidence by defendants, contained recitals that defendant J. K. O'Brien

had deposited in the bank the sum of $200, (the contract price,) which was to be paid plaintiff for his work should he promptly and properly perform it, and that plaintiff had also lodged in the same place a like sum as security for his performance of the work, which sum, in case of his default, was to be paid O'Brien as liquidated damages for the breach of contract. These recitals were wholly untrue, for no money was ever deposited as stated, and it follows that the allegation in the answer of like tenor is equally false. But, of the money which was to be paid plaintiff by defendants, the sum of $200 seems to have been kept by defendant J. K. O'Brien, with an understanding that he should pay the debt due plaintiff by depositing it in the bank for the purpose and as the deposit mentioned in the writing. It is true, as alleged by the defendants' counsel, that an application of this balance by the defendants to purposes authorized by plaintiff would amount to payment, and extinguish the debt; but in this instance the fact is apparent that they have failed to dispose of the money in the only manner agreed upon by plaintiff, have not placed it in the depository as directed, and therefore have not paid the debt. One of the defendants now seeks to appropriate it as stipulated damages for breach of an independent contract with plaintiff; which breach, the latter can very properly urge, was wholly caused by O'Brien's failure to place in the bank $400 as he had agreed to do,—one-half of which was due plaintiff upon the trade, and the other half would be his should he perform his contract.

It was not error to exclude testimony tending to explain why it was essential that plaintiff should be present when the money was left at the bank. It does not appear that he had ever agreed to be there upon that occasion, and it is quite plain that O'Brien's duty to make the deposit hinged upon no contingency whatsoever. It was absolute and unqualified.

There were no indications in the testimony that plaintiff had lost or waived his right to a vendor's lien. The receipt which he gave was susceptible of explanation. There was no pretence of payment, except in the somewhat novel manner already held to be insufficient; and the court was justified in its findings and conclusions.

Order affirmed.